FILED
MAY 14 2014

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| JESSE CLAUDE TIEDEMAN, | CIV. 13-4126 |
| Plaintiff, | |
| vs. | ORDER ON MOTIONS |
| DOUGLAS L. WEBER, Director of Prison Operations at South Dakota State Penitentiary; TROY PONTO, Assoc. Warden; CLIFTON FANTROY, Unit Manager; JENNIE PETERSON, Unit Coordinator; HEATHER VELD, Case Manager; LINDA MILLER-HUNHOFF, Mailroom Supervisor; KAYLA STEKELBERG, Unit Coordinator; MIKE HOLMES, License Plates Supervisor; STEVE LINNIWEBER, Corrections Officer; and THOMAS LINNIWEBER, Corrections Officer, | Docs. 24, 27, & 35. |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending are Jesse Claude Tiedeman's (1) motion requiring the South Dakota State Penitentiary to provide addresses of former employees (Doc. 24); (2) motion to amend complaint (Doc. 27); and motion to extend time (Doc. 35).

## BACKGROUND

### 1.   ADDRESSES OF FOUR UNSERVED DEFENDANTS.

On January 13, 2014, a letter was received from Tiedeman which is considered as a motion to be furnished the addresses of four former employees upon whom Tiedeman wishes to serve a summons. He forwarded ten USM 285 forms to the U.S. Marshal for service of process. Six were served. Four were returned unserved because they no longer work at the South Dakota State Penitentiary.

On March 25, 2014, Tiedeman filed a motion which duplicates his January 13, 2014 request to be provided the addresses of the four unserved defendants so they can be served (Doc. 44). The defendants resist the motion (Doc. 45). The defendant's resist because the motion is untimely. In the interim defendants filed a motion for summary judgment and the defendants were not aware of attempts by Tiedeman to get a court order for the addresses of the remaining defendants. Defendants suggest the motion for summary judgment could be decided without serving the four remaining defendants because as a matter of law, contrary to Tiedeman's suggestion, there was not a conspiracy to deprive Tiedeman of constitutional rights. Since there was no conspiracy, the four defendants could not be a part of a conspiracy the defense argues. Defendants assert the need to protect the confidentiality of the personal addresses. Defendants propose the addresses could be provided as in *Morris v. Barr*, 2011 WL 3859711 at *2 (SD Cal), i.e. the last known addresses could be furnished to either the court or to the United States Marshal in a confidential memorandum which should be sealed so that it does not become a public record. Tiedeman has not resisted the suggestion and in his January 13, 2014, letter he himself proposed keeping the addresses confidential so that even he would not be advised of the addresses.

2. **AMENDMENT TO COMPLAINT.**

On January 17, 2014, Tiedeman filed a document captioned "Motion To Amend Complaint" (Doc. 27). His motion to amend consists of a typed recitation of:

"42 USCA §§ 1985

    (2) Obstructing justice; intimidating party, witness, or juror . . .

    (3) Depriving persons of rights or privileges . . .

18 USCA §§ 241, 242 Deprivation of rights under color of law . .

18 USCA § 285 Taking or using papers relating to claims . . ."

The motion also includes one affidavit captioned "State of South Dakota, County of Minnehaha," a letter to Kayla (an employee at the South Dakota State Penitentiary), and a letter to Chief Deputy Matthew W. Thelen (office of the Clerk of Court for the District of South Dakota).

2

### 3. TO EXTEND TIME.

Tiedeman "moves the court to grant an extension of time to deliver his response and rebuttal to the defendant's answer to his complaint." (Doc. 35).

## DISCUSSION

### 1. SUMMARY OF TIEDEMAN'S CLAIMS.

Most of Tiedeman's discussion in documents he has filed relates to his claim that some of his mail was not sent from the South Dakota State Penitentiary (SDSP). Some of this unsent mail is described as legal mail, though it is not clear why it is legal mail except for one instance. One of his letters was to secure information from the Minnehaha County Clerk of Court from his State Court file so he could timely file a writ of habeas corpus (Doc. 1, p 6, ¶ IV, Second Claim). Examples of the letters he claims were not sent include a letter requesting money from a friend or acquaintance. Another unsent letter was to a friend who was requested to reply to confirm that Tiedeman's mail had been sent from the prison.

Another of Tiedeman's claims is that his property was taken. It appears documents Tiedeman considers legal documents were taken from his cell when Tiedeman was assigned to solitary confinement on two occasions. "Plaintiff has no remedy of any kind, is being and has been deprived of his ability and right to prepare as well as present his legal claims to the court in an adequate, meaningful and effective manner." (Doc. 11, p. 5, ¶ 4).

Another of Tiedeman's claims is the defendants "sought to obstruct justice when they tried, via force, intimidation and threat, to deter the Plaintiff from freely, fully and truthfully testifying on a matter of justice." (Doc. 1, p. 6, ¶ IV, Third Claim).

Another of his apparent claims, unstated in the complaint but apparent from other documents he has filed, is that he was unjustly fired from his job at the SDSP.

Defendants have filed a joint motion for summary judgment (Doc. 40). The summary judgment motion has not been referred for a Report and Recommendation. The defense argues in the summary judgment motion that Tiedeman himself acknowledged receiving the information he requested from the Minnehaha County Clerk of Court in the letter Tiedeman claims was not mailed by the SDSP. Furthermore, the defense asserts, there are other reasons why his letter could not have

3

reached the intended recipient besides having not been mailed by the SDSP (Doc. 41, p. 2). The defense also asserts Tiedeman has not suffered an actual injury even if it is assumed the SDSP failed to send his mail (Doc. 41, p. 3).

### 2.   ADDRESSES OF FOUR UNSERVED DEFENDANTS.

The defense has suggested a method for protecting the security and confidentiality of the unserved defendants. (*Morris v. Barr*, 2011 WL 3859711 at *2 (SD Cal)). For the reasons described in *Morris,* Tiedeman is entitled to assistance in serving the four unserved defendants. All six of the served defendants were current employees of the penitentiary when they were served and are being represented by one lawyer from the office of the Attorney General for the State of South Dakota. The four unserved defendants are former employees of the SDSP and it is presumed they will also be defended by the same lawyer who has already appeared for the other defendants. It is also apparent that counsel who represents the served defendants has access to the information or persons who have the information about the last known addresses of the unserved defendants. It appears service can be accomplished while at the same time protecting the security and confidentiality of the addresses of the former employees. Counsel for the served defendants can confidentially provide the last known addresses of the unserved defendants to the U.S. Marshal so the Summons and Complaint can be served on those four individuals. The U.S. Marshal should keep the addresses confidential and the Clerk of Court should file the return of service under seal along with a redacted version of the return of service. Only the version with the redacted addresses should be made available to Tiedeman or the public. In the alternative, counsel for the defense could accept service for the four unserved defendants without disclosing their addresses to anyone.

### 3.   AMENDMENT TO COMPLAINT.

Tiedeman's proposed amendment is not a short and plain statement of a claim showing that Tiedeman is entitled to relief (See Rules of Civil Procedure 8(a)(2)). It is not a statement of any new claim or theory for recovery. The proposed amendment doesn't say what the new claim is. The information included within the proposed amendment is simply a recitation of statutes which Tiedeman believes apply to his case (two of which are criminal statutes), together with an affidavit

and letters which at best constitute evidence which is pertinent to his already existing claims or theories of recovery. Tiedeman's proposed amendment adds nothing new except perhaps some new or different facts not previously contained within the record.

On the other hand, Tiedeman's proposed amendment doesn't prejudice the defense any perceivable way. Allowing the proposed amendment need not affect the schedule or require additional pleading or briefing relative to the pending summary judgment motion. Pursuant to Rule of Civil Procedure 15(d) and in the interests of judicial efficiency it is appropriate to allow the amendment despite its empty substance. It is also appropriate under Federal Rule of Civil Procedure 15(a)(3), the court's inherent authority, and in the interests of judicial efficiency to order that the defense does not need to file an Answer to the amendment. The Answer already on file is sufficient (Doc. 28). The defendants could file an amended Answer if they believe it necessary or desirable.

### 4. TO EXTEND TIME.

A response to a pleading is necessary only when a pleading contains a claim against an opposing party. The defendants' Answer does not make any claim against Tiedeman. Defendants are simply defending themselves against Tiedeman's claims against them. There is no provision in the Federal Rules of Civil Procedure for filing a pleading in response to a defendant's Answer. There is no need to file a response to an Answer. To file a response to defendants' joint Answer can add nothing to the pleadings in the case. There being no need to file a response to defendants' joint Answer, there is no need to extend time for filing a pointless pleading.

### ORDER

It is ORDERED:

1. The Motion to be provided the addresses for the four unserved defendants is GRANTED (Doc. 24). Counsel for the served defendants must confidentially provide the last known addresses of the unserved defendants to the U.S. Marshal so the Summons and Complaint can be served on those four individuals. The U.S. Marshal must keep the addresses confidential. The U.S. Marshal must provide the Clerk of Court a version of the return of service which redacts the addresses confidentially provided by counsel. The Clerk of Court must file the U.S. Marshals'

unredacted return of service under seal. Only the version with the redacted addresses may be made available to anyone, including Tiedeman. ALTERNATIVELY, counsel for the defense may accept service for the four unserved defendants without disclosing their addresses to anyone.

2. Pursuant to Federal Rule of Civil Procedure 15(d) and in the interests of judicial efficiency the Motion to Amend is GRANTED (Doc. 27). The document already on file (Doc. 27) is Ordered to be the Amended Complaint so that Plaintiff Tiedeman does not need to file another document identified as the Amended Complaint. Under Federal Rule of Civil Procedure 15(a)(3), the court's inherent authority, and in the interests of judicial efficiency the defendants do not need to file an Amended Answer to the Amended Complaint. The Answer already on file is sufficient (Doc. 28). The defendants are not precluded from filing an Amended Answer if they wish.

3. The motion to for an extension of time to file a response to defendants' Answer (Doc. 35) is DENIED.

Dated this 14 day of May, 2014.

BY THE COURT:

John E. Simko
United States Magistrate Judge