UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JESSE C. TIEDEMAN, | ) | Civ. 13-4126-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DOUGLAS L. WEBER, Director of | ) | |
| Prison Operations at South Dakota | ) | ORDER |
| State Penitentiary; | ) | |
| TROY PONTO, Associate Warden; | ) | |
| CLIFTON FANTROY, Unit Manager; | ) | |
| JENNIE PETERSON, Unit | ) | |
| Coordinator; | ) | |
| HEATHER VELD, Case Manager; | ) | |
| LINDA MILLER-HUNHOFF, Mailroom | ) | |
| Supervisor; | ) | |
| KAYLA STEKELBERG, Unit | ) | |
| Coordinator; | ) | |
| MIKE HOLMES, License Plates | ) | |
| Supervisor; | ) | |
| STEVE LINNIWEBER, Corrections | ) | |
| Officer; and | ) | |
| THOMAS LINNIWEBER, Corrections | ) | |
| Officer, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Jesse Tiedeman, an inmate at South Dakota State Penitentiary (SDSP), filed a pro se lawsuit pursuant to 42 U.S.C. § 1983 on November 1, 2013. Since filing his complaint, Tiedeman has filed a number of motions regarding his case. On November 1, 2013, Tiedeman filed a motion requesting that he be appointed counsel, Docket 4; on January 13, 2014, Tiedeman made a motion to receive the addresses of four unserved defendants, Docket 24; on January 17, 2014, Tiedeman filed a motion to amend his complaint, Docket 27; on March 3, 2014, he filed a motion to extend time, Docket 35; and on March

28, 2014,[1] Tiedeman again filed a motion requesting the addresses of the unserved defendants. Docket 44. On November 18, 2013, this court denied Tiedeman's motion to appoint counsel because "Tiedeman's claims are not complex" and "Tiedeman appears able to adequately present his § 1983 claims." Docket 16. The remaining motions were referred to Magistrate Judge Simko for ruling pursuant to 28 U.S.C. § 636(b)(1)(B). On May 14, 2014, Magistrate Judge Simko denied Tiedeman's motion to extend, but granted his motion to be provided the addresses of the four unserved defendants and his motion to amend or correct his complaint. Docket 51.

Tiedeman has since filed timely objections to the order, requesting that this court vacate the magistrate judge's decision. Docket 52. Within his objections, Tiedeman includes an objection to this court's order denying his motion to appoint counsel. Because Tiedeman can only object to a magistrate judge's ruling, the above objection will be considered a motion to reconsider. For the reasons set forth herein, Magistrate Judge Simko's order is adopted in its entirety and the motion to reconsider is denied.

## DISCUSSION

**I.    Request for the Court to Vacate the Magistrate Judge's Decision**

This court's review of the magistrate judge's ruling is governed by 28 U.S.C. § 636(b)(1)(A). The court may reconsider any pretrial matter determined

---

[1] Magistrate Judge Simko's order states that the second motion to receive the addresses was made on March 25, 2014; careful reveiw of the record, however, reveals that the motion was signed on the 25th and filed on the 28th.

2

by the magistrate judge "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). According to Fed. R. Civ. P. 72(a), "[t]he district judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."

The only relevant objection to Magistrate Judge Simko's decision is that his motion to extend time should have been granted because defendants were making a claim against him.[2] Tiedeman argues that because defendants are claiming that he is lying in his complaint, he needs extra time to respond to their claims. Tiedeman appears confused, however, in what constitutes a claim. A claim must allege facts that show a legally enforceable right that gives rise to judicial action. In the instant case, defendants are not claiming that the facts in this case give them any right to judicial relief. Rather, defendants are disputing the facts alleged by Tiedeman. Defendants are telling their side of the story. Therefore, the court will not disturb the magistrate judge's decision to deny extending time.

## II. Motion to Reconsider Appointment of Counsel

The court originally denied Tiedeman's request to be appointed counsel because Tiedeman appeared able to adequately present his claims and his claims were not complex. Since denial, defendants have filed an answer to

---

[2] Tiedeman's other objections are to orders that were entered in his favor.

Tiedeman's complaint and a motion for summary judgment. Throughout this process Tiedeman has been able to present his claims and oppose defendants' motions. Therefore, despite the many issues that may arise as this case proceeds, the court finds that little has changed to support Tiedeman's motion to reconsider the appointment of counsel.

### III.  Motion for Protective Order

Defendants move for a protective order directing that all discovery be stayed pending resolution of the qualified immunity issue. Defendants have moved for summary judgment on this issue, which Tiedeman opposes. For good cause shown, the motion to stay discovery pending the resolution of the summary judgment motion is granted. Accordingly, it is

ORDERED that Tiedeman's motion to reconsider his motion to appoint counsel (Docket 52) is denied.

IT IS FURTHER ORDERED that Magistrate Judge Simko's order is adopted in full.

IT IS FURTHER ORDERED that the motion for protective order (Docket 43) is granted.

Dated July 28, 2014.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE