UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| JESSE CLAUDE TIEDEMAN, | ) | Civ. 13-4126-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DOUGLAS L. WEBER, Director of Prison Operations at South Dakota State Penitentiary; TROY PONTO, Assoc. Warden; CLIFTON FANTROY, Unit Manager; JENNIE PETERSON, Unit Coordinator; HEATHER VELD, Case Manager; LINDA MILLER-HUNHOFF, Mailroom Supervisor; KAYLA STEKELBERG, Unit Coordinator; MIKE HOLMES, License Plates Supervisor; STEVE LINNIWEBER, Corrections Officer; and THOMAS LINNIWEBER, Corrections Officer, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | ORDER GRANTING MOTION FOR SUMMARY JUDGMENT |
| Defendants. | ) | |

     Plaintiff, Jesse Claude Tiedeman, is an inmate at the South Dakota State Penitentiary in Sioux Falls, South Dakota. On November 1, 2013, Tiedeman filed a pro se civil rights lawsuit pursuant to 42 U.S.C. § 1983, alleging that defendants, while acting in their individual capacities, violated his First Amendment rights by preventing him from accessing the courts.

Docket 1 at 3, 6–7. Tiedeman also alleges that defendants conspired to violate his constitutional rights. Dockets 1, 27.

Now pending before the court is a motion for summary judgment filed by defendants Clifton Fantroy, Steve Linniweber, Linda Miller-Hunhoff, Jennie Peterson, Troy Ponto, and Kayla Stekelberg. Dockets 40. Also pending before the court is a motion for joinder for summary judgment filed by defendants Mike Holmes, Thomas Linniweber, Heather Veld, and Douglas L. Weber. Docket 60. Tiedeman objects to the motion for summary judgment. Dockets 46, 47, 49, 50, 61, 63. For the reasons set forth below, the court grants the motion for summary judgment and the motion for joinder for summary judgment.

## FACTUAL BACKGROUND

In the light most favorable to Tiedeman, the nonmoving party, the relevant facts are as follows:

Plaintiff, Jesse Claude Tiedeman, is an inmate in the custody of the South Dakota Department of Corrections (SDDOC). Docket 42 at ¶ 1. Tiedeman was incarcerated at the South Dakota State Penitentiary (SDSP) on or about June 18, 2007, after pleading guilty to and being convicted of aggravated assault and third-degree burglary. *Id.*; Docket 40-5. On May 20, 2011, while incarcerated at SDSP, Tiedeman attempted to mail "a large manila envelope containing several legal letters and documents and various

other confidential papers . . . to the Minnehaha 2nd Judicial Circuit Clerk of Courts." Docket 5 at 57. Although the envelope eventually arrived at its intended destination, it took three weeks to get there. Docket 1-1 at 2.

To address the issue, Tiedeman filed a request for administrative remedy on June 20, 2011, demanding answers as to why it took three weeks for the envelope "to get across town[.]" Docket 1-1 at 2. Weber responded to Tiedeman's request on July 7, 2011, notifying Tiedeman that his "mail was sent out by DOC employees and that is the only responsibility [they] have." Docket 1-1 at 7. Tiedeman further addressed his concern over "disappearing" legal mail by filing an informal resolution request on August 7, 2011 (Docket 1-1 at 8), and again on September 29, 2011 (Docket 1-1 at 14). Tiedeman also filed a request for administrative remedy on October 7, 2011, to raise concern with defendants' alleged failure to send out his legal mail. Docket 1-1 at 15. On October 24, 2011, Weber notified Tiedeman that "it was determined that [Tiedeman's] legal mail was processed according to procedure and was sent out by Unit Staff." Docket 1-1 at 16.

Tiedeman also filed informal resolution requests related to the opening of his legal mail by prison staff. Docket 1-1 at 2, 21. More specifically, Tiedeman alleged that defendants had opened and read his outgoing legal mail, and that he had "received no less than 2 letters from the U.S. Dept. Of the Interior" that had been opened outside his presence. *Id.* In response to

3

Tiedeman's concern regarding outgoing legal mail, Weber assured Tiedeman that his "legal mail was not opened or read after [Tiedeman] sealed it." Docket 1-1 at 7. In response to Tiedeman's concern regarding incoming legal mail, defendants noted that the issue had "already been addressed." Docket 1-1 at 21.

In accordance with SDDOC policy, "[p]rivileged/legal correspondence sent to an adult offender will be opened by unit staff in the presence of the offender." Docket 40-1 at 5. "Staff will not read the content of the privileged/legal correspondence but will inspect incoming and outgoing mail, page-by-page, in the presence of the offender to prevent the introduction of contraband and to confirm the contents has [sic] been sent by addressor." *Id.* As for outgoing legal mail, SDDOC policy requires unit staff to inspect outgoing mail before it is sealed and sent out. Docket 40-1 at 8. "Staff will not read the privileged/legal correspondence but may inspect the contents page-by-page in the offender's presence to prevent the movement of contraband." *Id.* Outgoing legal mail must be approved by staff prior to being sent out. *Id.*

## STANDARD OF REVIEW

"Summary judgment is appropriate when the evidence,[1] viewed in a light most favorable to the non-moving party, demonstrates that there is no

---

[1] The evidence includes the pleadings, depositions, documents, electronically stored information, stipulations, answers to interrogatories, admissions, and affidavits. Fed. R. Civ. P. 56(c).

genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law." *Clark v. Kellogg Co.*, 205 F.3d 1079, 1082 (8th Cir. 2000); *see also* Fed. R. Civ. P. 56(a). "Once the motion for summary judgment is made and supported, it places an affirmative burden on the non-moving party to go beyond the pleadings and by affidavit or otherwise designate specific facts showing that there is a genuine issue for trial." *Commercial Union Ins. Co. v. Schmidt*, 967 F.2d 270, 271 (8th Cir. 1992) (internal quotations and citations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Although "the court is required to . . . give [the nonmoving] party the benefit of all reasonable inferences to be drawn from the underlying facts," *Vette Co. v. Aetna Cas. & Sur. Co.*, 612 F.2d 1076, 1077 (8th Cir. 1980), the nonmoving party may not "rest upon mere denials or allegations." *Forrest v. Kraft Foods, Inc.*, 285 F.3d 688, 691 (8th Cir. 2002). Instead, the nonmoving party must "set forth specific facts sufficient to raise a genuine issue for trial." *Id.*

Prisoners who proceed pro se are entitled to the benefit of liberal construction at the pleading stage. *Quam v. Minnehaha Cnty. Jail*, 821 F.2d 522, 522 (8th Cir. 1987). Nonetheless, the summary judgment standard set forth in Rule 56 of the Federal Rules of Civil Procedure remains applicable to

prisoners proceeding pro se. *Id.* The district court is not required to "plumb the record in order to find a genuine issue of material fact." *Barge v. Anheuser-Busch, Inc.*, 87 F.3d 256, 260 (8th Cir. 1996). Moreover, the court is not "required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *Id.* The court remains sensitive, however, "to the special problems faced by prisoners attempting to proceed pro se in vindicating their constitutional rights, and [the Eighth Circuit does] not approve summary dismissal of such pro se claims without regard for these special problems." *Nickens v. White*, 622 F.2d 967, 971 (8th Cir. 1980).

## DISCUSSION

Defendants assert that they are entitled to summary judgment on Tiedeman's § 1983 claims because Tiedeman failed to state claims upon which relief may be granted, and because defendants are otherwise entitled to qualified immunity. Docket 41. In Tiedeman's first claim, he alleges that defendants denied him access to the courts by "side tracking" his outgoing legal mail. Docket 1. In his second claim, Tiedeman alleges that defendants tampered with his incoming legal mail. *Id.* Finally, in both his original and amended complaint, Tiedeman vaguely alleges that defendants conspired to

violate his constitutional rights. The court will consider each cause of action in turn as it relates to the defense of qualified immunity.

Qualified immunity functions to protect those defendants whose actions are objectively reasonable in light of clearly established constitutional rights. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Ambrose v. Young*, 474 F.3d 1070, 1077 (8th Cir. 2007) (" 'The qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law.' " (quoting *Hunter v. Bryant*, 502 U.S. 224, 229 (1991))). To determine whether the defendants are entitled to qualified immunity, the court will address each of Tiedeman's constitutional claims separately. "If the answer [to whether a constitutional right was violated] is no, [the court] grant[s] qualified immunity" and enters summary judgment in favor of the defendants. *Grayson v. Ross*, 454 F.3d 802, 808–09 (8th Cir. 2006).

I.   **Defendants Are Entitled to Summary Judgment on Tiedeman's Access to Courts Claims.**

It is well established "that prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). To prevail on an access to courts claim, a prisoner must establish that he has sustained "an actual injury." *Moore v. Plaster*, 266 F.3d 928, 933 (8th Cir. 2001) (citing *Klinger v. Dep't of Corr.*, 107 F.3d 609, 617 (8th Cir. 1997)). To demonstrate "actual injury," the prisoner must show " 'that a nonfrivolous legal claim had

7

been frustrated or was being impeded.' " *Id.* (quoting *Johnson v. Missouri*, 142 F.3d 1087, 1089 (8th Cir. 1998)).

### A. Defendants are entitled to qualified immunity on Tiedeman's claim related to outgoing legal mail.

The parties herein agree on very few facts surrounding the allegation that prison staff tampered with Tiedeman's outgoing legal mail. Nonetheless, because Tiedeman has failed to establish that he has sustained an actual injury, the disputed facts are immaterial. In his response to defendants' motion for summary judgment, Tiedeman asserts that as a result of defendants' alleged attempts to obstruct his access to the courts, he suffers from the following: "a documented and ongoing severe anxiety disorder with episodes of panic," "continual mental and physical suffering and extreme stress," and "constant fear of retaliation by the prison staff." Docket 46 at 4. Even assuming that Tiedeman actually suffers from these alleged injuries, the court finds that he has not sustained an "actual injury" for purposes of establishing an access to courts claim. Tiedeman must show that a nonfrivolous legal claim has been frustrated or impeded as a result of defendants' alleged obstruction of outgoing legal mail, and the above-mentioned injuries are unrelated to a legal claim.

Throughout the course of this action, however, Tiedeman has also alleged that defendants' alleged conduct prevented him from "reporting suspected wrong doing or illegal activities by the Director of Prison Operations

8

Douglas Weber and his staff." Docket 5. Additionally, Tiedeman has claimed that defendants' alleged conduct prevented him from filing documents that "related to challenging his criminal conviction and conditions of confinement" (Docket 1 at 6) and were "extremely important to manifest injustice in [his] convictions and could lead to his release from prison" (Docket 7 at 2).

These bare assertions, however, are insufficient to establish a genuine issue of material fact regarding the actual injury caused by defendants' alleged conduct. *See Cody v. Weber*, 256 F.3d 764, 769 (8th Cir. 2001) ("[A] prisoner's mere allegation of injury may not be legally sufficient to forestall summary judgment."). Furthermore, Tiedeman has not refuted the evidence submitted by defendants, which demonstrates that the Seventh Judicial Circuit Court not only found there was "no manifest injustice allowing [Tiedeman's] guilty plea to be withdrawn six years after sentencing," but also found that Tiedeman was not entitled to habeas relief—compelling evidence that demonstrates defendants did not frustrate or impede a nonfrivolous legal claim. Docket 40-6. Accordingly, the court finds that defendants did not violate Tiedeman's constitutional rights and are thus entitled to qualified immunity on the access to courts claim as it relates to outgoing legal mail.

> **B.     Defendants are entitled to qualified immunity on Tiedeman's claim related to incoming legal mail.**

Tiedeman has not alleged that the SDDOC policy regarding the handling of incoming legal is unconstitutional. Rather, Tiedeman alleges that

9

defendants violated his constitutional rights when they opened his legal mail outside his presence on at least two occasions. Notably, defendants do not deny that on isolated occasions, prison staff have inadvertently opened Tiedeman's legal mail outside his presence. Because the constitutionality of the general policy is not at issue, whether defendants are entitled to qualified immunity "turns on the specific incidents in question." *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997).

As defendants have highlighted, Tiedeman has not alleged that any one of the named defendants is directly responsible for the opening of his incoming legal mail. Docket 41 at 33. To the contrary, Tiedeman has alleged that the mailroom opened his incoming legal mail outside his presence. Docket 1-1 at 21. To the extent Tiedeman alleges that defendants' subordinates violated his constitutional rights, the court notes that "the doctrine of respondeat superior does not apply under § 1983." *Ware v. Jackson Cnty., Mo.*, 150 F.3d 873, 885 (8th Cir. 1998). Defendants, therefore, cannot be held liable for the alleged actions of their subordinates unless Tiedeman alleges that a policy or custom resulted in the deprivation of his constitutional rights. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691–95 (1978). But Tiedeman has not so alleged.

To the extent Tiedeman has alleged that one of the named defendants is directly responsible for the opening of his incoming legal mail outside his

presence, the court finds that Tiedeman has failed to demonstrate that defendants' actions violated his constitutional rights. The Eighth Circuit has held that an " 'isolated incident, without any evidence of improper motive or resulting interference with [the inmate's] right to counsel or to access to the courts, does not give rise to a constitutional violation.' " *Gardner*, 109 F.3d at 431 (quoting *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990)). Here, Tiedeman has failed to provide evidence, beyond unsubstantiated assertions, that the opening of his legal mail on either occasion was either committed for an improper purpose or frustrated a nonfrivolous legal claim, thereby interfering with his right to access the courts. Accordingly, the court finds that defendants did not violate Tiedeman's constitutional rights and are thus entitled to qualified immunity on the access to courts claim as it relates to incoming legal mail.

## II.    Defendants Are Entitled to Summary Judgment on Tiedeman's Conspiracy Claim.

Tiedeman has made a number of assertions in support of his theory that defendants conspired to violate his constitutional rights. *See* Dockets 1, 6, 8, 10, 46, 47, 63. To demonstrate conspiracy under 42 U.S.C. § 1983, Tiedeman must show the following:

> (1) that the defendant conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured the plaintiff. . . .

> The plaintiff is additionally required to prove a deprivation of a constitutional right or privilege in order to prevail on a § 1983 civil conspiracy claim.

*Burton v. St. Louis Bd. of Police Comm'rs*, 731 F.3d 784, 798 (8th Cir. 2013) (citations omitted). Here, the court has already concluded that Tiedeman has failed to prove a deprivation of a constitutional right. Accordingly, the court finds that defendants are entitled to qualified immunity on Tiedeman's conspiracy claim. Therefore it is

ORDERED that defendants Clifton Fantroy, Steven Linniweber, Linda Miller-Hunhoff, Jennie Peterson, Troy Ponto, and Kayla Stekelberg's motion for summary judgment (Docket 41) is granted.

IT IS FURTHER ORDERED defendants Mike Holmes, Thomas Linniweber, Heather Veld, and Douglas L. Weber's motion for joinder for summary judgment (Docket 60) is granted.

Dated September 2, 2014.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE